UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

**Dr. Naim Dahdah, MD**,
Plaintiff,

v.

**Virgin Islands Department of Human Services**,
**Gary Smith**, in his official capacity as Director of the Medicaid Program,
**Carla Huggins**, in her official capacity as Medicaid Claims Supervisor,
Defendants.

**Case No.: 3:25-cv-00026-RAM-GAT**

---

## FIRST AMENDED COMPLAINT

Plaintiff, Dr. Naim Dahdah, pro se, respectfully files this First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1), and alleges the following against Defendants, the Virgin Islands Department of Human Services ("DHS"), Gary Smith, and Carla Huggins:

---

## I. INTRODUCTION

This action arises from a sustained, multi-year course of government misconduct, obstruction, and deliberate indifference perpetrated by the Virgin Islands Medicaid Program under DHS. The Plaintiff seeks damages arising from unpaid Medicaid claims, retaliatory withholding of funds, breach of implied provider agreements, and deprivation of constitutional due process protections.

Despite treating vulnerable USVI Medicaid patients transferred to Florida for care at Kindred Hospital in Coral Gables, Plaintiff was systematically underpaid, denied portal access for years, subjected to stonewalling, and retaliated against once legal action was pursued.

The damages now exceed $150 million and continue to compound due to cascading economic, reputational, and professional losses.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights).
2. Venue is proper in this District under 28 U.S.C. §1391(b) as the events and omissions occurred in the U.S. Virgin Islands, and Defendants reside or operate therein.

## III. PARTIES

3. Plaintiff, Dr. Naim Dahdah, is a physician based in Miami-Dade County, Florida, licensed and approved to render Medicaid services to USVI patients referred for care in Florida.
4. Defendant, Virgin Islands Department of Human Services (DHS), administers the USVI Medicaid Program and is responsible for claim processing, reimbursement, and provider relations.
5. Defendant Gary Smith is sued in his official capacity as Director of the Medicaid Program.
6. Defendant Carla Huggins is sued in her official capacity as Medicaid Claims Supervisor.

## IV. STATEMENT OF FACTS

### A. SERVICE HISTORY AND NONPAYMENT

7. From 2019 to 2022, Plaintiff rendered covered services to USVI Medicaid patients without portal access. Claims from this period remain unpaid.
8. In 2023, Plaintiff finally gained portal access and submitted approximately $803,000 in claims. Less than $183,000 was paid.
9. As of mid-2025, over $60,000 in reimbursements previously acknowledged by DHS remains withheld.
10. All USVI Medicaid patients were seen at Kindred Hospital of Coral Gables in Florida.

### B. RETALIATORY WITHHOLDING

11. On May 23, 2024, Plaintiff served DHS with a Notice of Intent to Sue.
12. Shortly after, an anticipated $60,000+ payment was frozen without explanation.
13. No response, acknowledgment, or communication was ever received from DHS, CMS Region II, the Governor's Office, or other agencies.
14. The timing and silence constitute retaliation for protected activity under 42 U.S.C. §1983.

### C. DUE PROCESS AND CONTRACTUAL BREACH

15. Plaintiff never received notice of denial, hearings, appeal rights, or reasoning for underpayment.
16. Defendants breached the implied provider agreement by failing to remit payment for services already approved.
17. DHS has refused all communications and failed to appear in this action despite certified mail service and formal filings.

## D. COMPOUNDING DAMAGES

18. Plaintiff's brand launches and commercial health ventures were delayed by years.
19. The loss of income directly caused IRS collections, legal liabilities, and adverse court orders.
20. Plaintiff was unable to retain legal counsel for urgent litigation due to the Medicaid nonpayment.
21. Plaintiff was ordered to pay nearly $250,000 in private school tuition in a separate state court action due to lack of counsel.
22. The damages have compounded monthly and now exceed $150 million.

---

## V. CAUSES OF ACTION

### COUNT I — BREACH OF CONTRACT / IMPLIED AGREEMENT

23. Plaintiff realleges Paragraphs 1-22.
24. Defendants entered into a provider relationship with Plaintiff via credentialing and billing portal access.
25. Plaintiff submitted valid CPT-coded claims for medically necessary care.
26. DHS failed to reimburse the majority of these claims.
27. The failure to pay constitutes breach of the implied provider agreement.

### COUNT II — DENIAL OF PROCEDURAL DUE PROCESS (42 U.S.C. §1983)

28. Plaintiff realleges Paragraphs 1-22.
29. DHS deprived Plaintiff of his property interest in Medicaid reimbursements without notice or opportunity to be heard.
30. No appeal process, denial letter, or explanation was provided.
31. This constitutes a violation of the Fourteenth Amendment.

## COUNT III — RETALIATION IN VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)

32. Plaintiff realleges Paragraphs 1-22.
33. DHS intentionally withheld over $60,000 in Medicaid reimbursements after being notified of pending litigation.
34. This retaliatory conduct followed protected First Amendment petitioning activity.
35. The retaliation was deliberate, injurious, and without legal basis.

## COUNT IV — GROSS NEGLIGENCE AND DELIBERATE INDIFFERENCE

36. Plaintiff realleges Paragraphs 1-22.
37. DHS and its agents knew of Plaintiff's escalating harm and refused to act.
38. The silence, delay, and refusal to remit payments were malicious, reckless, and part of a structural policy.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment against all Defendants, jointly and severally; B. Award no less than $150 million in compensatory and consequential damages; C. Award punitive damages for willful and retaliatory conduct; D. Order preliminary and permanent injunctive relief to prevent further retaliation; E. Award costs, fees, interest, and other just relief deemed proper.

---

Respectfully submitted,

/s/ Dr. Naim Dahdah, MD
Pro Se Plaintiff
7950 NW 53rd Street, Suite 132

Doral, FL 33166
(305) 332-7005
drnaimdahdah@yahoo.com
Dated: July 22, 2025